**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

REGIONS BANK,

        Plaintiff,

vs.                                            Case No. 3:10-cv-461-J-32TEM

FIRST AMERICAN TITLE INSURANCE COMPANY, and
CHICAGO TITLE INSURANCE COMPANY

        Defendants.

And

CHICAGO TITLE INSURANCE COMPANY

        Cross-Claimant

vs.

FIRST AMERICAN TITLE INSURANCE COMPANY

        Cross-Defendant

_____

**ORDER**

Plaintiff Regions Bank (Regions), as successor by merger to AmSouth Bank (AmSouth), sues Defendants, First American Title Insurance Company (First American) and Chicago Title Insurance Company (Chicago) for refusal to provide coverage and negligent misrepresentation. Regions' Complaint alleges that First American and Chicago failed to discover a defect in the title to certain real property and thereafter failed to provide coverage in accord with title insurance policies purchased by AmSouth. (Doc. 1). Chicago cross-claims against First American for indemnity. (Doc. 26). Presently before the Court is First

American's Motion to Dismiss Regions' Complaint. (Doc. 24).  Regions has filed a Response in Opposition. (Doc. 28).  Also before the Court is First American's Motion to Dismiss Chicago's Cross-Claim (Doc. 29).  Chicago has filed a Response in Opposition. (Doc. 32).

**Discussion**

DISMISSAL

In Ashcroft v. Iqbal, the U.S. Supreme Court found that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility," the Court found, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  That inquiry, Iqbal held, "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  The questions in this case are controlled by state law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

DISMISSAL OF REGIONS' COMPLAINT

*Ownership (Counts I & II)*

First American argues that Regions, which attached voluminous documentation to its complaint in support of its allegations, failed to attach documentation to "prove" that Regions was indeed successor to AmSouth. (Doc. 24 at ¶ 5.)  However, since the Court must "accept[] as true" the allegations pled (except where they are "threadbare recitals" or "mere conclusory statements") the Court must assume for the purposes of this motion to dismiss that Regions is the successor by merger to AmSouth. Iqbal, 129 S. Ct. at 1949; (Doc. 1 at

¶ 2).

### *Failure to State a Claim Meriting Indemnification (Counts I & II)*

First American alleges that Regions' claim is precluded by the exclusions in First American's endorsement which absolve First American of the responsibility to indemnify the policy holder for any loss incurred from the "application and effect of the provisions of the Declaration of Condominium . . . ." (Doc. 24 at ¶ 11).  An examination of the term First American points out reveals that it indeed excepts from indemnification, "[t]erms, provisions, restrictive covenants, conditions, reservations, rights, duties and easements contained in Declaration of Condominium of NEW PLANTATION POINT, A CONDOMINIUM, and any Exhibits annexed thereto, including all amendments and modifications thereto . . . ." (Doc. 1, Ex. 19 at Schedule B).  However, Regions is alleging that the purported condominium units and buildings indicated by the language in the Endorsement were never created by amendment to the Declaration of Condominium and thus never legally existed. (Doc. 1 at ¶ 37).  Hence, though First American would be excepted from providing indemnification from losses arising out of operative provisions of the Declaration of Condominium of NEW PLANTATION POINT, the thrust of Regions claim is actually that there is no Declaration of Condominium with respect to NEW PLANTATION POINT that covers the land at issue. (See, e.g., Doc. 1 at 21-23, 37).  The losses for which Regions seeks coverage stem from the fact that First American allegedly misidentified land owned by property developer Watson and instead identified a condominium group that, because it was never declared, did not exist as a cognizable property interest. See, e.g., Winkelman v. Toll, 661 So. 2d 102, 105 (Fla. 4th DCA 1995) ("A condominium is strictly a creature of statute").  Regions' loss cannot be said

to stem from the operation of any provision of the Declaration of Condominium, rather the loss springs from First American's alleged misidentification of real property.

### *Economic Loss Rule (Count II)*

First American takes the position that Regions' Count II for negligent misrepresentation should be dismissed because it runs afoul of the economic loss rule. (Doc. 24 at ¶¶ 7-9). At this time, the Court believes the facts have not been sufficiently developed nor the legal issues briefed in enough detail to justify a decision. The Court will revisit this issue in a later motion for summary judgment if called upon to do so.

### DISMISSAL OF CHICAGO'S CROSS-CLAIM

First American argues that Chicago has not shown a special relationship between the two such that First American must indemnify Chicago for any damages incurred by Chicago in connection with this suit. (Doc. 29 at ¶ 10). In Florida, "[i]ndemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity . . . ." Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 (Fla. 1979).

While the Court shares some of First American's concerns, First American has not sufficiently developed its argument and the Court is not prepared to dismiss Chicago's cross-claim at this early juncture.

Accordingly, it is hereby

**ORDERED**:

1.   Defendant First American's Motion to Dismiss Regions Complaint (Doc. 24) is **DENIED**.

2.   Defendant First American's Motion to Dismiss Chicago's Cross-Claim (Doc.

29) is **DENIED**.

    3.     Defendant First American shall serve its answer to Plaintiff's Complaint no later than **January 14, 2011**.

    4.     Defendant First American shall serve its answer to Chicago's Cross-Claim no later than **January 14, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of December, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bt.
Copies:

counsel of record